B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, | **DEFENDANTS** <br> KIMETTA RICE |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> ILLINOIS ATTORNEY GENERAL'S OFFICE <br> 33 S. State Street - Suite 992 <br> Chicago, Illinois 60603 - (312) 793-9210 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Debtor-defendant obtained from plaintiff unemployment insurance benefits to which he/she was not entitled to by the use of false pretenses and false representations to the plaintiff. This adversary is brought to determine dischargeability of the debt pursuant to Section 523(a)(2)(A) of the Revised Bankruptcy Act (11 U.S.C. 523)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 17,227.46 |

**Other Relief Sought**

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>KIMETTA RICE | BANKRUPTCY CASE NO.<br>19 B 02960 | |
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN | DIVISION OFFICE<br>EASTERN | NAME OF JUDGE<br>CAROL A. DOYLE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature: Andrew F. Dryjanski]*

| DATE<br>5-6-19 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ANDREW L. DRYJANSKI<br>ASSISTANT ATTORNEY GENERAL |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: Case No. 19 B 02960 | ) | |
| | ) | |
| KIMETTA RICE, | ) | |
| | ) | |
| | ) | Bk No. 19 B 02960 |
| Debtor, | ) | |
| | ) | |
| THE ILLINOIS DEPARTMENT OF | ) | Adv. Pro. No. _____ |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Carol A. Doyle |
| KIMETTA RICE, | ) | |
| | ) | |
| Defendant. | ) | |

### VERIFIED COMPLAINT TO DETERMINE
### DISCHARGEABILITY OF DEBT

1. This complaint to determine the dischargeability of a debt in bankruptcy under Sections 523(a)(2)(A) of the Revised Bankruptcy Act (11 U.S.C.A. 523) commences an adversary proceeding within the meaning of Bankruptcy Rule 7001.

2. The above-named debtor has filed with this court a petition under Chapter 7 of the Bankruptcy Code, Case No. 19 B 02960.

3. Plaintiff is a creditor of the debtor having filed a claim totaling $17,227.46.

4. Plaintiff is a department of the government of the State of Illinois charged with, among other things, the administration of the Illinois Unemployment Insurance Act. 820 ILCS 405/100 (1992) et seq.

5. Plaintiff seeks to have the debt owed to it by the debtor-defendant determined non-dischargeable.

### COUNT I

1. Debtor-defendant obtained from plaintiff unemployment insurance benefits in the amount of $6,333.00 to which she was not entitled by the use of false pretenses and false representations to plaintiff.

2. The false representations referred to in paragraph 1 consisted of debtor-defendant certifying that during the period of April 3, 2010 through August 7, 2010, she was unemployed, earned no wages, and was actively seeking work when in fact she was employed and earned wages from Jewels Transportation.

3. Debtor-defendant did not report her employment or earnings even though she was aware of her duty to do so.

4. As a result of the above-stated false representations made by debtor-defendant to plaintiff, debtor-defendant received $6,333.00 in unemployment benefits to which she was not entitled.

5. Subsequent investigation undertaken by plaintiff disclosed that, during the aforesaid period, the debtor-defendant had knowingly failed to disclose her employment and earnings from the Jewels Transportation, for the purpose of obtaining unemployment benefits to which she was not entitled.

6. On July 28, 2011, an administrative decision was issued by plaintiff determining that the debtor-defendant knowingly failed to disclose her employment and earnings for the purpose of obtaining benefits to which she was not entitled.   A copy of said decision is attached hereto and made a part hereof as Exhibit "A."

7. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, the debt owed to plaintiff by debtor-defendant is not dischargeable as it is a "debt for obtaining money by false pretenses, a false representation, or actual fraud."

8. Defendant has made payments totaling $6,333.00; the balance due on Count I is $0.

## COUNT II

1. Debtor-defendant obtained from plaintiff unemployment insurance benefits in the amount of $7,800.00 to which she was not entitled by the use of false pretenses and false representations to plaintiff.

2. The false representations referred to in paragraph 1 consisted of debtor-defendant certifying that during the period of October 2, 2010 through March 19, 2011, she was unemployed, earned no wages, and was actively seeking work when in fact she was employed and earned wages from Jewels Transportation

3. Debtor-defendant did not report her employment or earnings even though she was aware of his duty to do so.

4. As a result of the above-stated false representations made by debtor-defendant to plaintiff, debtor-defendant received $7,800.00 in unemployment benefits to which she was not entitled.

5. Subsequent investigation undertaken by plaintiff disclosed that, during the aforesaid period, the debtor-defendant had knowingly failed to disclose her employment and earnings from Jewels Transportation, for the purpose of obtaining unemployment benefits to which she was not entitled.

6. On December 12, 2011, an administrative decision was issued by plaintiff determining that the debtor-defendant knowingly failed to disclose her employment and earnings for the purpose of obtaining benefits to which she was not entitled.   A copy of said decision is attached hereto and made a part hereof as Exhibit "B."

7. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, the debt owed to plaintiff by debtor-defendant is not dischargeable as it is a "debt for obtaining money by false pretenses, a false representation, or actual fraud."

8. Defendant has made payments in the amount of $206.54.   Therefore, the balance due for this Count II is $7,593.46.

## COUNT III

1. Debtor-defendant obtained from plaintiff unemployment insurance benefits in the amount of $9,634.00 to which she was not entitled by the use of false pretenses and false representations to plaintiff.

2. The false representations referred to in paragraph 1 consisted of debtor-defendant certifying that during the period of October 10, 2009 through March 27, 2010, she was unemployed, earned no wages, and was actively seeking work when in fact she was employed and earned wages from Jewels Transportation.

3. Debtor-defendant did not report her employment or earnings even though she was aware of her duty to do so.

4. As a result of the above-stated false representations made by debtor-defendant to plaintiff, debtor-defendant received $9,634.00 in unemployment benefits to which she was not entitled.

5. Subsequent investigation undertaken by plaintiff disclosed that, during the aforesaid period, the debtor-defendant had knowingly failed to disclose her employment and earnings from Jewels Transportation, for the purpose of obtaining unemployment benefits to which she was not entitled.

6. On June 25, 2012, an administrative decision was issued by plaintiff determining that the debtor-defendant knowingly failed to disclose her employment and earnings for the purpose of obtaining benefits to which she was not entitled. A copy of said decision is attached hereto and made a part hereof as Group Exhibit "C."

7. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, the debt owed to plaintiff by debtor-defendant is not dischargeable as it is a "debt for obtaining money by false pretenses, a false representation, or actual fraud."

8. Defendant has made no payments. Therefore, the balance due for this Court III is $9,634.00.

9. On May 6, 2019 the Illinois Attorney General's Office received the Military Status Report from the United States Department of Defense, the report states that the defendant, KIMETTA RICE, is not currently on active military duty. Attached is an affidavit (Exhibit "D").

WHEREFORE, plaintiff prays that this court:

    a. Set the matter of the dischargeability of the debts owed from debtor-defendant to plaintiff for hearing;

    b. Find that said debts in the amount of $17,227.46 are not dischargeable and enter judgment thereon.

    c. Grant such other and further relief as this Court deems just.

Respectfully submitted,

KWAME RAOUL
ATTORNEY GENERAL
STATE OF ILLINOIS

By *[signature]*
ANDREW L. DRYJANSKI
Assistant Attorney General

KWAME RAOUL
ATTORNEY GENERAL
STATE OF ILLINOIS
**OF COUNSEL**:
ANDREW L. DRYJANSKI
Assistant Attorney General
33 S. State St. - Suite 992
Chicago, Illinois 60603
(312) 793-6952

## AFFIDAVIT

This affiant, being first duly sworn on oath, deposes and says that he/she is a duly authorized agent of the plaintiff, that as such, he/she has full knowledge of the facts relating to the above complaint and that the facts alleged therein are true.

*Rae Ann Piotrowski [signature]*

Subscribed and sworn to before me this

10th day of May, 2019.

*Deja Robinson [signature]*
NOTARY PUBLIC

DE'JA ROBINSON
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
August 12, 2019